

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2009

# USA v. Lamar McCrory

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1713

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Lamar McCrory" (2009). *2009 Decisions.* Paper 963.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/963

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-233**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1713

UNITED STATES OF AMERICA

v.

LAMAR LAUREN MCCRORY,
                                             Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-95-cr-00338-003)
District Judge:  Honorable Berle M. Schiller

Submitted by the Clerk for Possible Dismissal as Untimely or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2009

Before: RENDELL, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: July 22, 2009)

OPINION

PER CURIAM

Appellant Lamar McCrory, proceeding pro se, appeals from the District Court's

denial of his Petition for Relief Pursuant to the Writ of Audita Querela, 28 U.S.C. § 1651.

For the reasons that follow, we will summarily affirm the order of the District Court.

In 1996, McCrory was found guilty of conspiracy to commit armed bank robbery, armed bank robbery, and carrying and using a firearm during a crime of violence. After his conviction and sentence were affirmed on appeal, he filed a 28 U.S.C. § 2255 motion, a Rule 60(b) motion to vacate the judgment of conviction, a motion for an evidentiary hearing, and two applications to file a second or successive 28 U.S.C. § 2255 motion, all of which were denied. On April 24, 2008, McCrory filed a document in the United States District Court for the Eastern District of Pennsylvania entitled "Petition for Relief Pursuant to the Writ of Audita Querela, 28 U.S.C. § 1651." In it, he averred that he had recently discovered, through a conversation with his trial counsel, that before the trial, the Government had made him a plea offer which counsel failed to communicate to him and which he would have taken if given the opportunity, and that one of the prosecution's key witnesses was hypnotized in preparation for her testimony at trial. On December 24, 2008, the District Court entered a memorandum and order denying McCrory's motion. McCrory now appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] The District

---

[1]Although we originally indicated that this appeal might be dismissed as untimely, we conclude that it will not. McCrory filed his notice of appeal on March 10, 2009. On March 12, 2009, he filed a motion for an extension of time in which to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). On March 18, 2009, the District Court granted his request for an extension of time. This extended the period in which to file his appeal from February 23, 2009 to either March 23, 2009 or April 1, 2009. See Fed. R. App. P. 4(a)(1)(B); 4(a)(5). Because McCrory's notice of appeal was filed with this time frame, we have jurisdiction to consider his appeal. See Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360, 2366 (1997) (holding that the timely filing of a notice of appeal is a jurisdictional requirement).

Court denied McCrory's petition for a writ of <u>audita querela</u> on the ground that to permit it to proceed would be to circumvent the intent of Congress in enacting AEDPA.  In <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit held that while the common law writ of <u>audita querela</u> can be used in criminal cases to the extent that it "fill[s] 'gaps' in the current systems of postconviction relief," a federal prisoner "may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."  <u>Id.</u> at 1079-80; <u>see also</u> <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005) (writ of <u>audita querela</u> unavailable where relief is cognizable under § 2255).  McCrory's inability to bring a second § 2255 motion at the present time does not render § 2255 inadequate or ineffective to challenge his conviction.  <u>Cf.</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (<u>per curiam</u>) (explaining that "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255"); <u>United States v. Baptiste</u>, 223 F.3d 188, 189-90 (3d Cir. 2000) (<u>per curiam</u>) (holding that "the procedural barriers erected by AEDPA are not sufficient to enable a petitioner to resort to <u>coram nobis</u> merely because he/she is unable to meet AEDPA's gatekeeping requirements").  Based on the foregoing, we conclude that McCrory may not use the writ of <u>audita querela</u> to circumvent AEDPA's gatekeeping requirements.

3

Because McCrory's appeal presents no substantial question, we will summarily affirm the order of the District Court denying relief.  <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.